FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

OCT 13 2005
9:58 AM
Stephan Harris, Clerk
Cheyenne

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re | ) |
| | ) |
| Vickie Hart, | ) |
| | ) |
|     Debtor. | ) |
| | ) |
| ―――――――――――――――― | ) |
| | ) |
| Vickie Hart, | ) |
| | ) |
|        Appellant, | ) |
| | ) |
|           vs. | )    Case No. 04-cv-0314-B |
| | ) |
| Lester L. Crawford, Jr., | ) |
| | ) |
|        Appellee. | ) |
| | ) |

## Order Affirming the Bankruptcy Court's
## Order on Debtor's Claim of Exemption

     This matter comes before the Court on Appellant Vickie Hart's
appeal from the Order on Debtor's Claim of Exemption issued by the
United States Bankruptcy Court of the District of Wyoming on
October 28, 2004.    This order denied Hart's homestead exemption
claim.    The issue in this appeal is whether a homestead interest
under Wyoming law is sufficient to support a bankruptcy exemption
in favor of a debtor who owns no other interest in the subject
property.    After considering the motions, having reviewed the

materials on file, having heard oral argument, and being fully advised in the premises, the Court **FINDS** and **ORDERS** as follows:

### *Statement of Parties and Jurisdiction*

Appellant Vickie Hart is a resident of Wyoming who filed for protection under Chapter 7 of the Bankruptcy Code.  Her filing included a homestead exemption claim for real property located at 5910 South Cedar Street, Casper, Wyoming.

Appellee Lester L. Crawford, Jr. acquired the disputed property from Hart's husband and later sold the property.  Crawford properly objected to Hart's homestead exemption claim in the bankruptcy court.

This Court's jurisdiction is proper under 28 U.S.C. § 158. Hart elected to have this Court hear her appeal under 28 U.S.C. § 158(c)(1).

### *Background*

The salient facts in this case are undisputed.  At some time in the past, Mr. Bill Hart, Appellant Hart's husband, purchased the house at 5910 South Cedar Street, Casper, Wyoming.  Later, Mr. Hart transferred title to the property to himself and Appellant Hart. On April 8, 2002, Appellant Hart quitclaimed her interest back to Mr. Hart.  This quitclaim deed included a release and waiver of

"all rights under and by virtue of the homestead exemption laws of the State of Wyoming."

On August 20, 2003, Mr. Hart executed a mortgage on the property in favor of Crawford.  Appellant Hart also signed this mortgage.  Paragraph 22 of the mortgage stated that the mortgagor "relinquishes and waives all rights under and by virtue of the homestead exemption laws of the State of Wyoming."[1]

On March 30, 2004, Mr. Hart conveyed the property to Crawford by a warranty deed in lieu of foreclosure.  Appellant Hart did not sign the warranty deed and allegedly did not know about this conveyance.  Crawford later sold the property.

On June 10, 2004, Mr. Hart filed for Chapter 7 bankruptcy protection.  Appellant Hart filed separately for Chapter 7 protection on August 24, 2004.  In violation of a Notice to Quit obtained by Crawford, Mr. Hart and Appellant Hart both resided at the Cedar Street property on August 24th.  In their separate bankruptcy filings, both Mr. Hart and Appellant Hart claimed homestead exemptions derived from the property. Appellant Hart's homestead exemption claim was asserted against sale proceeds held

---

[1] This document was filed after the hearing on Appellant Hart's exemption claim, so it was not considered by the bankruptcy court.

by Crawford, and he objected.

After a non-evidentiary telephone hearing, the United States Bankruptcy Court of the District of Wyoming denied Appellant Hart's claimed homestead exemption.[2]  The bankruptcy court did so because, *inter alia*, Wyoming law does not provide a homestead exemption to a "mere occupier" and Hart did not own an interest in the property.

### *Standard of Review*

This Court reviews the legal conclusions of a bankruptcy court *de novo*.  <u>In re Branding Iron Motel, Inc.</u>, 798 F.2d 396, 399-400 (10th Cir. 1986); Fed. R. Bankr. P. 8013.  This Court is not constrained by the bankruptcy court's legal analysis, and may affirm on any legal grounds supported by the record.  <u>Wolfgang v. Mid-America Motorsports, Inc.</u>, 111 F.3d 1515, 1524 (10th Cir. 1997) (citing <u>United States v. Taylor</u>, 97 F.3d 1360, 1364 (10th Cir. 1996)).  However, this Court may not disturb the bankruptcy court's findings of fact unless they are clearly erroneous.  <u>Branding Iron Motel</u>, 798 F.2d at 399-400; Fed. R. Bankr. P. 8013.  A finding of

---

[2] There is no indication in the record of whether anyone objected to Mr. Hart's claimed homestead exemption, but at a hearing in this matter counsel for Appellant Hart said that Mr. Hart's homestead exemption claim was denied.  The proceedings in Mr. Hart's bankruptcy case are not in the record before this Court nor are they relevant to the Court's decision in this case.

fact is "'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer, 470 U.S. 564, 573 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 295 (1948)); Hall v. Vance, 887 F.2d 1041, 1043 (10th Cir. 1989).

### *Discussion*

Hart argues that Wyoming law provides for a homestead exemption when a debtor merely occupies the homestead property. And, since she occupied the Cedar Street property when she filed for Chapter 7 protection, she is entitled to a homestead exemption against the sale proceeds of that property. Her argument fails. The federal and state exemption laws allow a debtor to prevent creditors from seizing certain property owned by the debtor, but these laws do not allow a debtor to take assets from their rightful owners where she does not otherwise have a legal or equitable interest in those assets or proceeds. Hart has no such interest in the Cedar Street property, and therefore she is not entitled to a homestead exemption. In addition, a homestead property is only exempt when occupied by an owner or the owner's family, or a person entitled to ownership or that person's family. Hart and her husband

5

do not qualify, and therefore the Cedar Street property does not qualify for an exemption.

I.    **A debtor may claim a bankruptcy exemption under 11 U.S.C. § 522 only where the property subject to the exemption is within the debtor's bankruptcy estate.**

Chapter 7 of the federal Bankruptcy Code[3] "provides the mechanism for taking control of the property of the debtor, selling it, and distributing the proceeds to creditors in accordance with the distribution scheme of the Code." 1 Collier on Bankruptcy ¶ 1.03[2][a] (Lawrence P. King et al eds., 15th Ed. revised). This process was designed to serve two different purposes:

> From the creditors' viewpoint, chapter 7 established the concept of equitable distribution among creditors of a debtor's resources which, in most cases, are insufficient to permit full payment to all. From the individual debtor's vantage point, chapter 7 permits the honest debtor to obtain a new financial life through the discharge of unpaid debts.

Id.

To help debtors achieve the promise of a new financial life – the proverbial "fresh start" – Section 522(b) allows debtors to

---

[3] This discussion describes the Bankruptcy Code prior to passage of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, S. 256, Pub. L. No. 109-8, 119 Stat. 23, which significantly changes the Bankruptcy Code. These changes do not apply to bankruptcy cases filed before October 17, 2005, and are therefore irrelevant to this case.

exempt certain property from the bankruptcy estate.    11 U.S.C. §
522(b);  Collier on Bankruptcy ¶ 522.01.    The Bankruptcy Code
establishes a federal list of property that may be exempted and the
maximum  value  of  each  exemption.    Id.  §  522(d).  To  exempt
qualifying  property,  the  debtor  must  file  a  list  of  claimed
exemptions.    Id. §  522(l).    If  the  debtor  fails  to  file,  a
dependent of the debtor may file on behalf of the debtor.    Id.
When the debtor files for an exemption, any party in interest may
object and must do so or the claimed exemption is granted.[4]  Id.
If  there  is  an  objection,  "the  validity  of  an  exemption  is
determined as of the date of the filing of the petition."    In re
Johnson, 184 B.R. 141, 145 (Bankr. D. Wyo. 1995), citing 11 U.S.C.
§ 522(b)(2)(A).

    States may opt out of the federal list of exemptions and offer
their own list, or no exemptions at all.    11 U.S.C. § 522(b)(1);
Owen v. Owen, 500 U.S. 305, 308, 111 S. Ct. 1833, 1835 (1991).
Wyoming has opted out, so Wyoming's specific bankruptcy exemptions,
including the homestead exemption, are defined by state law.    Wyo.
Stat.  §  1-20-109.    Thus,  in  Wyoming,  federal  law  controls

---

    [4] In this case, all parties met the procedural requirements
of Section 522.

exemptions generally and exemption procedures, but state law governs the specific property that may be exempted and value of such exemptions.

It is important to understand that "Section 522(b) provides that the debtor may exempt certain property 'from property of the estate'; obviously, then, an interest that is not possessed by the estate cannot be exempted." Owen, 500 U.S. at 308, 111 S. Ct. at 1835 ("An exemption is an interest withdrawn from the estate (and hence from the creditors) for the benefit of the debtor."). Thus, "[n]o property can be exempted . . . unless it first falls within the bankruptcy estate." Id. (emphasis in original); see also Naqvi v. Fisher, 192 B.R. 591 (D.N.H. 1995) ("Property cannot be exempted from the estate, however, unless that property is first made part of the bankruptcy estate. Simply put, an interest that is not part of the bankruptcy estate cannot be exempted from it."). Hart's exemption must fail, then, if the Cedar Street property was not in her bankruptcy estate.

A bankruptcy estate is created under Section 541 when a debtor files for bankruptcy. 11 U.S.C. § 541. "An estate in bankruptcy consists of all the interests in property, legal and equitable, possessed by the debtor at the time of filing, as well as those

interests recovered or recoverable through transfer and lien avoidance provisions." Owen, 500 U.S. at 308, 111 S. Ct. at 1835. Hart gave up legal ownership of the Cedar Street property when she quitclaimed it to her husband in 2002, so the property did not pass into her bankruptcy estate because of any legal interest.[5,6]

---

[5] The quitclaim deed executed by Hart expressly waived her homestead rights. This waiver was included even though it was not required by Wyoming law. See Wyo. Stat. Ann. § 34-2-121 (LexisNexis 2005)(requiring express waivers of homestead rights by the spouse of an owner or occupant who conveys or encumbers homestead property unless the conveyance is between spouses). There is no evidence in this case showing that the quitclaim conveyance from Appellant Hart to her husband was voided by the bankruptcy court, nor that it should be. In her arguments to this Court, Hart did imply that the later conveyance of the property by Mr. Hart to Crawford was illegitimate, but she did not directly argue for voiding it. In addition, the facts surrounding those transactions are not before this Court. Therefore, this Court offers no opinion about the validity of any transactions between Mr. Hart and Crawford.

[6] Hart argued that the conveyance from Mr. Hart to Crawford did not destroy her homestead interest because she did not expressly waive her homestead right in that warranty deed as required by Wyo. Stat. Ann. § 34-2-121 (LexisNexis 2005). This argument is inapposite because her exemption fails to meet the requirements of 11 U.S.C. § 522 and Wyo. Stat. Ann. § 1-20-102(a). That said, her argument is also without merit. "As a general rule, a conveyance of the disputed premises by the claimant extinguishes the homestead right. This is so even though . . . the transferor continues to reside on the premises." 40 Am. Jur. Homesteads § 179 (citations omitted). So, when Appellant Hart quitclaimed the property to Mr. Hart, she extinguished her homestead rights. Once extinguished, her homestead right did not need to be waived in subsequent conveyances or instruments. See Harney v. Montgomery et al., 213 P. 378, 381 (Wyo. 1923) ("While an instrument will not . . . be

Recognizing this, she claimed her homestead exemption solely upon an inchoate "homestead" interest in the property. (Appendix to Appellant's Brief at 6.)    The question is whether this is an adequate interest to support a bankruptcy exemption.

"In the absence of any controlling federal law, 'property' and 'interests in property' are creatures of state law." Barnhill v. Johnson, 503 U.S. 393, 398, 112 S. Ct. 1386, 1989 (1992) (citing McKenzie v. Irving Trust Co., 323 U.S. 365, 370, 65 S. Ct. 405, 408 (1945); Butner v. United States, 440 U.S. 48, 54, 99 S. Ct. 914, 918 (1979) ("Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law.")).    Therefore, when a court determines whether an interest in property is included in a debtor's bankruptcy estate, "it is necessary to look to state law to determine the nature, extent, and effect of the debtor's interest" in the property.    In re Duncan,

---

construed under [the predecessor of Wyo. Stat. § 34-2-121], as releasing a homestead right unless a clause to that effect is specifically set forth therein, it must be quite clear that unless such homestead right is in existence at the time of the execution of such instrument, no mention would need to be made of such fact.    A nonexistent right need not be released.") (quoted favorably in McConnell v. Dixon, 233 P.2d 877, 885 (Wyo. 1959) (Blume, J.)).    Thus, contrary to Appellant Hart's argument, she did not need to waive her homestead right again in the warranty deed in lieu of foreclosure because her homestead right no longer existed.

329 F.3d 1195, 1198 (10th Cir. 2003), *rev'g* 271 B.R. 196 (B.A.P.
10th Cir. 2002) (quoting In re Anselmi, 52 B.R. 479, 484 (Bankr. D.
Wyo. 1985)).  This is particularly true when a court interprets a
state's homestead exemption rights.  Id. For these reasons, the
validity of Hart's so-called homestead interest in the property is
a matter of Wyoming law.  Her homestead exemption claim must fail
unless Wyoming's homestead law creates a legal or equitable
interest in the property capable of supporting a bankruptcy
exemption.

II.   **Wyoming homestead law does not create an interest in property
      sufficient to independently support a bankruptcy exemption.**

     The Wyoming Constitution guarantees a homestead exemption
right: "A homestead as provided by law shall be *exempt from forced
sale* under any process of law, and shall not be alienated with the
joint consent of husband and wife, when that relation exists . . .
."   Wyo. Const. art. 19, § 9 (emphasis added).  By its express
terms, Wyoming's constitutional homestead right is only an
exemption from forced sale, not an interest in property from which
value may be exempted.   This is insufficient to support a
bankruptcy exemption.  If such an interest is created by Wyoming
law, it must be a product of Wyoming statutes.

     Wyoming statutes have provided for Wyoming's constitutional

11

homestead exemption right since territorial times.[7]  The current homestead statutes were enacted in 1983.  See Wyo. Stat. Ann. 1-20-101—102 (LexisNexis 2005); Wyo. Stat. Ann. § 34-2-121 (LexisNexis 2005).   The   homestead   right   guaranteed   by   the Wyoming Constitution is given substance by section 1-20-101: "[e]very resident of the state is entitled to a homestead not exceeding ten thousand dollars ($10,000.00) in value, exempt from execution and

---

[7] In 1960, this Court summarized the early Wyoming homestead statutes as follows:

The homestead laws of Wyoming were first enacted by the territorial legislature in 1869. Section 5 of Chapter 21, General Laws of Wyoming Territory 1869 authorized the voluntary mortgaging of homesteads; Section 6 provided for the creditor's sale of homesteads by execution; and Section 7 exempted the proceeds from the sale of the homestead 'on execution or otherwise' up to $1,500. Section 5 was amended by Session Laws of Wyoming Territory 1886, Chapter 83, Section 2, to permit the owner or occupant of a homestead to voluntarily sell, mortgage, or otherwise dispose of or [encumber] such homestead.  These provisions have been amended and re-enacted several times since statehood. During these seven decades, however, the only change which the legislature has made has been to increase the exempt amount from $1,500 to $4,000.

United States v. Field, 190 F. Supp. 216, 217 (D. Wyo. 1960) (Kerr, J.); see 1886 Wyo. Terr. Sess. Laws ch. 60, § 432; Wyo Stat. Ann. § 6028 (Mills Co. 1920); Wyo Stat. Ann. § 89-2984 (Boyer 1931); 1977 Sess. Laws. Ch. 21, § 1-21-101; see also In re Duncan, 294 B.R. 339, n.24 (B.A.P. 10th Cir. 2003) ("Under Wyoming law as it existed prior to 1983, only the 'head of a family' was entitled to a homestead exemption.").

attachment arising from any debt, contract or civil obligation entered into or incurred." § 1-20-101. The application of the homestead exemption is controlled by section 1-20-102. Thus, "[t]he homestead is only exempt as provided in W.S. 1-20-101 while occupied as such by the owner or the person entitled thereto, or his or her family." § 1-20-102(a). And, "[w]hen two (2) or more persons jointly own and occupy the same residence, each shall be entitled to the homestead exemption."[8] § 1-20-102(b). This Court must interpret these statutes to determine whether Wyoming's homestead law creates an interest in property sufficient to support a bankruptcy exemption.

The Wyoming Supreme Court has not decided any cases implicating the current statutes, but that Court has discussed the policy behind the state's historical homestead laws and established certain principles for their application. See e.g. Wambeke v. Hopkin, 372 P.2d 470 (Wyo. 1962); Altman v. Schuneman, 273 P. 173 (Wyo. 1929). First, "[t]he object of the constitutional provisions

_____

[8] The bankruptcy court relied upon section 1-20-102(b) to support its denial of a homestead exemption. It is unnecessary to interpret and apply section 1-20-102(b) in this case because this Court finds (1) Appellant Hart is not entitled to a homestead exemption under 11 U.S.C. § 522(b) and Wyo. Stat. Ann. § 1-20-101; and (2) in the alternative, the Cedar Street property is not exempt under Wyo. Stat. Ann. § 1-20-102(a).

13

and the laws in reference to the homestead exemption is the protection of the family as a whole." Schuneman, 273 P. at 175. This policy has been expressed by this Court in the following terms:

> It is well established that the purpose of the homestead laws is to encourage and safeguard the home-owner and head of the family.  Though the rights of the creditors are not to be overlooked, neither are they superior to the [motivating] force behind homestead legislation, namely, the conferring of special rights on the owners and occupants of homesteads.

United States v. Field, 190 F. Supp. 216, 217 (D. Wyo. 1960) (Kerr, J.).  Second, given their remedial character, the homestead laws should be "liberally construed" in favor of granting an exemption. Schuneman, 273 P. at 175; Field, 190 F. Supp. at 217; see also Johnston v. Barney, 842 F.2d 1221, 1223 (10th Cir. 1988) (recognizing the Wyoming Supreme Court's preference for liberal interpretation of exemption statutes).  Even though homestead laws are to be liberally construed, exemptions are not automatically provided.  An interpreting court is "limited in its application of an exemption statute by what the terms of that statute can fairly be said to embrace."  Johnston, 842 F.2d at 1223 (citing Pellish Bros. v. Cooper, 38 P.2d 607, 608-09 (Wyo. 1934)).  And, when a statute is clear and unambiguous, the Wyoming Supreme Court will

14

"simply give effect to its plain meaning." Rodriquez v. Casey, 2002 WY 111, ¶ 9, 50 P.3d 323, 326 (Wyo. 2002), quoted in In re Duncan, 294 B.R. 339 (B.A.P. 10th Cir. 2003). This Court's decision is guided by these principles.

Section 1-20-101 says that "[e]very resident of the state is entitled to a homestead not exceeding ten thousand dollars ($10,000.00) in value, exempt from execution and attachment arising from any debt, contract or civil obligation entered into or incurred." § 1-20-101 (emphasis added). As with 11 U.S.C. § 522 and article 19, section 19 of the Wyoming Constitution, the plain language of section 1-20-101 merely creates an exemption, not an interest in property that may itself be exempted. This is insufficient to support Hart's bankruptcy exemption claim.

Hart argued that Wyoming cases have declared legal title immaterial in determining whether a homestead exemption applied, and therefore a homestead exemption is provided for a mere occupant. Appellant is partially correct: the Wyoming Supreme Court has established that "it is immaterial in whom the legal title is vested as long the property is the actual home of the family." Wambeke, 372 P.2d at 472 (citing Schuneman, 273 P. at 175). The immateriality of legal title furthers the family

15

protection policy underlying Wyoming's homestead laws: "[T]he homestead is not lost *to the family* in a suit by the husband's creditors, because the legal title thereto is transferred to the wife." <u>Schuneman</u>, 273 P. at 175 (emphasis added). Hart is wrong, however, in concluding from these cases that a homestead exemption is available for mere occupants.

The same cases that hold legal title is immaterial and occupancy is the essential consideration also demonstrate that mere occupancy is insufficient to support a homestead. First, these cases state that occupancy must be coupled with an additional interest. <u>Wambeke</u>, 372 P.2d at 473 ("It is stated in Annotation, 89 A.L.R. 511, 512, that as a general rule a debtor need not be the absolute owner in fee in order to establish a homestead right in land, but that 'any interest,' coupled with the requisite occupancy by the debtor and his family, is sufficient to support a homestead exemption."); <u>Schuneman</u>, 273 P. at 175 ("Any equitable title coupled with possession is sufficient to support [a homestead]."); <u>see also</u> <u>In re Duncan</u>, 294 B.R. 339, 343 (B.A.P. 10th Cir. 2003) ("[U]nder Wyoming law, an ownership interest is a prerequisite to a claim of homestead exemption."). The additional interest may be legal or equitable, but it must be present to establish a

16

homestead. See e.g. Wambeke, 372 P.2d 470 (tenancy by the entirety establishes homestead); Schuneman, 273 P. at 175 (where debtor-husband exercised his right of redemption to recover homestead property previously sold to satisfy a judgment, Court held he could apply his homestead interest even though legal title was vested solely in his wife). Second, these cases declared legal title immaterial in situations where title was vested in the family. This is a sensible result because it promotes the policy of family protection at the expense of legal formalities. But, no Wyoming case has granted a homestead exemption in favor of a mere occupier over the interests of an owner or one with superior title. See 89 A.L.R. 511, 512 (1934) ("[T]he prevailing view, in the absence of an express statute to the contrary, appears to be that naked possession without any title whatever is sufficient to give the possessor a homestead right against all the world except the true owner, or one having a better title." (emphasis added)). On the record in this case, Crawford is the owner of the Cedar Street property, so Hart is seeking to assert her homestead exemption against a person with superior title. There are no Wyoming cases that authorize this kind of "exemption."

Considering all of the above, this Court finds that the plain

17

language of section 1-20-101 does not create an independent
interest in property sufficient to support a bankruptcy exemption.
Nothing in the remaining homestead statutes changes this result.
In fact, properly understood, the requirements of section 1-20-
102(a) independently prevent the Cedar Street property from
qualifying for a homestead exemption.

**III. In Wyoming, a homestead is exempt only when occupied by (1)
the owner or a member of the owner's family, or (2) a person
entitled to ownership or a member of that person's family.
Since neither Appellant Hart nor her husband owned or were
entitled to own the claimed homestead property on August 24,
2004, her homestead exemption fails.**

Section 1-20-102(a) says that "[t]he homestead is only exempt
as provided in W.S. 1-20-101 while occupied as such by the owner or
the person entitled thereto, or his or her family." § 1-20-102(a).
This statute plainly requires occupancy "by the owner or the person
entitled thereto, or his or her family" before a property may be
exempt as a homestead.  The primary issue is who qualifies as "the
owner or the person entitled thereto, or his or her family."  Read
as a whole, the language of the statute requires the homestead
property to be occupied by (1) the owner or the owner's family, or
(2) "the person entitled thereto" or that person's family.  Thus,
the only remaining question is the meaning of "person entitled
thereto."

Hart argues that "person entitled thereto" refers to mere occupants. Under this interpretation, "the owner" and "his or her family" would be included in the definition of "person entitled thereto." Moreover, the entire sentence becomes pointless: it is reduced to "the homestead is exempt while occupied by an occupant." This Court will not interpret a Wyoming statute such that its terms become redundant or meaningless unless the statute is unambiguously redundant or meaningless.    See Kunkle v. State ex rel. Wyoming Workers' Safety and Compensation Div., 2005 WY 49, ¶ 11, 109 P.3d 887, 890 (Wyo. 2005) ("We avoid construing a statute so as to render a portion of it meaningless." (citation omitted)).

The bankruptcy court interpreted "person entitled thereto" to mean "an occupier who can claim the owner's homestead exemption." This meaning also cannot stand because then "his or her family" becomes redundant, and Wyoming case law has recognized that members of the owner's family may claim the homestead exemption.  See e.g. Wambeke, 372 P.2d 470; Schuneman, 273 P. 173.

This Court understands "owner or person entitled thereto" to mean "owner or person entitled to ownership." This interpretation is consistent with the entirety of the sentence because it does not make any other term redundant.  It also does not make the terms of

19

other Wyoming homestead statutes redundant or meaningless. This is
especially true of Section 34-2-121. This section creates rules
for the proper conveyance or encumbrance of homesteads:

> Every owner or occupant of a homestead as established
> herein may voluntarily sell, mortgage, or otherwise
> dispose of or encumber the same; provided the instrument
> of writing conveying, mortgaging, disposing of or
> encumbering such homestead shall contain in substance the
> following words: "Hereby releasing and waiving all rights
> under and by virtue of the homestead exemption laws of
> this state", and shall be freely and voluntarily signed
> and acknowledged by the owner and the spouse of the owner
> of said homestead. The foregoing provisions shall not be
> applicable to nor shall compliance therewith be required
> for full legal effectiveness of any conveyance of
> property directly from husband to wife.

Wyo. Stat. Ann. § 34-2-121 (LexisNexis 2005). This statute
protects spousal homestead rights as required by article 19,
section 9 of the Wyoming Constitution. Wyo. Const. art. 19, § 9
("A homestead . . . shall not be alienated with the joint consent
of husband and wife, when that relation exists . . . ."). Under
this Court's interpretation of section 1-20-102(a) a homestead is
exempt when occupied by certain non-owners, so the reference to
"owner or occupant of a homestead" in section 34-2-121 is necessary
to fully protect homestead rights.

Finally, this Court's interpretation of section 1-20-102(a)
conforms to the homestead exemption principles established by the

20

Wyoming Supreme Court. It is a liberal construction that allows a homestead to be exempt in a number of situations where the family might otherwise be unprotected. And, although Wyoming precedents were decided on different statutory language, this interpretation is consistent with the Schuneman and Wambeke decisions.

For all of the above reasons, this Court interprets section 1-20-102(a) to mean that a homestead is exempt only when occupied by (1) the owner or a member of the owner's family, or (2) a person entitled to ownership or a member of that person's family.[9]   When she filed for bankruptcy protection on August 24, 2004, Hart was not an owner because she quitclaimed her interest to her husband in 2002. There is also no evidence that Hart was related to an owner at that time because her husband had conveyed his entire interest to Crawford in March 2004. Finally, other than her purported homestead interest, Hart offers this Court no legal or equitable

---

[9] It is important to note that section 1-20-102(a) specifies when a homestead is exempt, it does not specify which person or persons may claim the homestead exemption. So, this section is unrelated to whether multiple persons may claim homestead exemptions on the same property, and this Court does not need to - and does not - decide this question. For a discussion of when multiple persons may claim separate homestead exemptions under Wyoming law see In re Johnson, 184 B.R. 141, 145 (Bankr. D. Wyo. 1995) (where the debtor-husband successfully claimed a homestead exemption on his residence, his non-debtor wife was not allowed to claim another homestead exemption because she did not own an interest in the property).

grounds to find that she was entitled to ownership. Thus, Wyoming law does not allow a homestead exemption for the Cedar Street property.

## *Conclusion*

Bankruptcy exemptions under 11 U.S.C. § 522 are only available where there is a property interest in the debtor's bankruptcy estate from which an exemption may be taken. Appellant Hart argued that Wyoming law provides a homestead interest in property that would support an exemption. Her arguments fail because the plain language of Wyo. Stat. Ann. § 1-20-101 only provides for an exemption, not an interest from which an exemption may be taken. Furthermore, Wyo. Stat. Ann. 1-20-102(a) allows a homestead to be exempt only when it is occupied by (1) the owner or a member of the owner's family, or (2) a person entitled to ownership or a member of that person's family. On the record before the Court in this case, neither Hart nor her husband nor any other member of Hart's family owned (or was entitled to own) the property on August 24, 2004; therefore, the homestead is not exempt.

This result makes sense given the objectives of both the Bankruptcy Code and Wyoming homestead law. The Code provides bankruptcy exemptions so a debtor may protect certain assets from

creditors and thereby avoid destitution and make a fresh start. Exemptions do not create property rights in favor of a debtor that allow her to seize assets to which she would not otherwise be entitled.  Analogously, Wyoming provides a homestead exemption to protect the family from destitution when its residence is lost to a forced sale or other attachment.  Wyoming does not provide a homestead exemption so a debtor may claim an interest in property that belongs to another.

Considering the foregoing discussion and the reasons stated therein, this Court **FINDS** and **ORDERS** as follows:

1.  This Court **FINDS** that a debtor may claim a bankruptcy exemption under 11 U.S.C. § 522 only where the property subject to the exemption is within the debtor's bankruptcy estate.   This Court further **FINDS** that the Cedar Street property was not within Hart's bankruptcy estate because Wyoming homestead law does not create a legal or equitable interest in property sufficient to independently support a bankruptcy exemption.  These findings alone are sufficient to deny the Appellant a homestead exemption.

2.  In the alternative, this Court **FINDS** that, under Wyoming law, a homestead is exempt only when occupied by (1) the owner or

a member of the owner's family, or (2) a person entitled to ownership or a member of that person's family.  On the record in this case, neither Appellant Hart nor her husband owned or were entitled to own the claimed homestead property when she filed for bankruptcy protection, and therefore Wyoming law does not allow a homestead exemption for the Cedar Street property.

3.  For these reasons, the Court **FINDS** that the Appellant is not entitled to a homestead exemption in the subject property.  **IT IS THEREFORE ORDERED** that the bankruptcy court's Order on Debtor's Claim of Exemption is **AFFIRMED**.  There are no other matters to be decided, so this case is **DISMISSED WITH PREJUDICE**.

Dated this ___12th___ day of October, 2005.

CLARENCE A. BRIMMER
UNITED STATES DISTRICT JUDGE